# In the United States Court of Federal Claims

Nos. 25-1076C, 25-1077C, 25-1078C, 25-1079C, 25-1080C, 25-1081C, and 25-1083C

(Filed: July 31, 2025)

|  |  |
|---|---|
| **OLHA NOHA,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## OPINION AND ORDER

*SOLOMSON*, **Chief Judge.**

On June 26, 2025, Plaintiff, Ms. Olha Noha, proceeding *pro se*, filed seven complaints against Defendant, the United States, in this Court.  ECF No. 1.  On July 15, 2025, this Court consolidated all seven cases with *Noha v. United States*, Dkt. No. 25-1076C, as the lead case, and stayed the case for this Court to review the complaints for probable lack of jurisdiction.  For the reasons explained below, this Court dismisses Ms. Noha's claims for lack of subject-matter jurisdiction.

## I.    JURISDICTION AND STANDARD OF REVIEW

Ms. Noha is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "even *pro se* plaintiffs must persuade the court that jurisdictional requirements have been met."  *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).  "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).  Absent subject matter jurisdiction, the Court must dismiss the claim.  *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal).

For purposes of determining subject-matter jurisdiction, this Court assumes that the factual allegations in a plaintiff's complaint are true. *Perry v. United States*, 149 Fed. Cl. 1, 14 (2020), *aff'd*, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This Court's jurisdictional determination," however, "is not governed by the plaintiff's characterization of its claims, and frivolous allegations do not suffice." *Id.* (citing *Crow Creek Sioux Tribe v. United States*, 900 F.3d 1350, 1354–55 (Fed. Cir. 2018)). A plaintiff must allege facts in his or her complaint that plausibly support this Court's jurisdiction. "Threadbare recitals of [claim] elements . . . , supported by mere conclusory statements, do not suffice" to confer jurisdiction. *Iqbal*, 556 U.S. at 678.

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). "A plaintiff must identify a separate source of substantive law that creates the right to money damages." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Id.* With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 217 (quotation omitted).

For the reasons explained below, this Court dismisses, *sua sponte*, Ms. Noha's complaints for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*.").

## II. DISCUSSION

Ms. Noha brings different claims against different defendants in each of her seven complaints.

**A. Ms. Noha's allegations against Union Station staff**

Ms. Noha alleges that she was wrongly removed from Union Station. No. 25-1076, ECF No. 1 at 4.[1]  Ms. Noha arrived at the station the night before her scheduled bus departure, and a security guard requested to see her ticket. *Id.* at 2.  When Ms. Noha failed to produce the ticket, she was forcibly removed from the station by security. *Id.* at 2-4.  She alleges that the police were unable to help her, and that the Union Station administration never responded to her inquiry requests. *Id.* at 4–5.  She seeks $5,000,000 as compensation.  This Court lacks jurisdiction over Ms. Noha's claim because it is not against the proper defendant, and even if she had stated claims against the proper defendant, her claim is not within this Court's Tucker Act jurisdiction.

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a), this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))).  Thus, this Court cannot hear any claims against private, local or state officials. *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

In Ms. Noha's first complaint, she purports to sue the security officer who forcibly removed her.   No. 25-1076, ECF No. 1 at 5 ("Federal law has the Right to punish non-unscrupulous [sic] employees.").  This Court clearly lacks jurisdiction to hear a claim against an individual.  Nor does Ms. Noha even assert a non-frivolous allegation that this security guard is an employee of, or was otherwise acting on behalf of, the federal government.  Moreover, even if the guard *was* employed by the government, "the only proper defendant . . . is the United States, not its officers, nor any other official." *Double Lion*, 149 Fed. Cl. at 420.

This Court admittedly cannot discern whether Ms. Noha is also attempting to sue Amtrak, the Washington Metropolitan Area Transit Authority (WMATA), or some other

---

[1] This opinion cites the complaints from the various cases by listing the case docket number, followed by the ECF filing number.  Page numbers correspond to the PDF page number in the heading of each document.

entity related to Union Station or its security guards.  Union Station appears to be jointly owned by the United States Department of Transportation ("DOT") together with, and operated by, Amtrak.[2]  To the extent Ms. Noha makes a claim against the DOT, the Court treats her claim as one against the United States.

*Second*, even if Ms. Noha the DOT owes her money, her complaints "do not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place her claims within this Court's jurisdiction.  *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015).  Ms. Noha lists the following statutes and court cases along with her complaint: "Section 1983 42 USC § 1983," "Bivens v Six Unknown Named Agents," "Federal Tort Claim Act," "18 [U.S.C.] § 2327," and "29 [U.S.C.] § 1854."  This Court clearly lacks jurisdiction over tort claims.  28 U.S.C. § 1491(a)(1) (providing this Court with jurisdiction to decide certain monetary claims "in cases not sounding in tort").  None of the facts Ms. Noha recites her complaint, however — even if assumed to be true — amount to a contract claim, a money-mandating claim, or an illegal exaction claim.  The statutes she cites are not money-mandating provisions, so this Court lacks jurisdiction to entertain any claims brought pursuant to them in any event.

Moreover, this Court lacks jurisdiction over federal criminal cases.  *Marcum v. United States*, 173 Fed. Cl. 168, 170 (2024) ("[T]he Court does not have jurisdiction to adjudicate any claims under the federal criminal code." (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)).  Both 29 U.S.C. § 1854 and the Federal Torts Claims Act ("FTCA") vest exclusive jurisdiction in the federal district courts to hear claims brought pursuant to those statutes.  *See* 29 U.S.C. § 1854(a) ("Any person aggrieved by a violation of this chapter . . . may file suit in any *district court* of the United States . . . ." (emphasis added)); 28 U.S.C. § 1346(b)(1) (vesting the district courts with jurisdiction to hear FTCA claims).  Finally, this Court lacks jurisdiction over well-pled *Bivens* claims.  *See Drake v. United States*, 792 Fed.Appx. 916, 920 (Fed. Cir. 2019) (affirming this Court's dismissal of a pro se plaintiff's complaint that alleged civil rights violations and brought claims under a variety of non-money-mandating constitutional provisions).  Here, however, Ms. Noha merely cites the U.S. Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  To have a viable claim, a plaintiff must allege non-frivolous, non-

---

[2] This Court takes judicial notice of these facts, found on the Department of Transportation's website. *Washington Union Station Expansion Project: Frequently Asked Questions (FAQs)*, U.S. Dep't of Transp. (last visited July 29, 2025), https://railroads.dot.gov/rail-network-development/environment/environmental-reviews/washington-union-station-expansion-6 [https://perma.cc/7CD4-TBF9].

conclusory *facts* that amount to a claim, assuming the facts pled are true.  Here, Ms. Noha alleges no such facts that amount to a claim, let alone one within this Court's jurisdiction.

In sum, beyond failing to cite any money-mandating provisions, Ms. Noha does not plead any non-conclusory, non-frivolous facts in the rest of the complaint that, separately or collectively, would constitute actions based on "contracts with the United States, actions to recover illegal exactions of money by the United States, [or] actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions."  *Roth*, 378 F.3d at 1384.

Accordingly, Ms. Noha's complaint in Case No. 25-1076 is **DISMISSED**.

### B.  Ms. Noha's allegations against the Maryland Department of Labor

In her second complaint, Ms. Noha alleges she was wrongly denied unemployment benefits by the Maryland Department of Labor.  No. 25-1077, ECF No. 1. Ms. Noha claims that she filed all the appropriate paperwork in the BEACON[3] system that the State of Maryland uses to process claims for unemployment insurance, but that she was wrongfully denied the benefits that she sought.  *Id.* at 2–6.  In part, she claims that this is because "someone had access to my information, the database, and my unemployment account" with the BEACON system.  *Id.* at 2.  She cites a litany of federal statutes and cases to support her claims.

This Court lacks jurisdiction over Ms. Noha's claims in the second complaint because Ms. Noha's claims are against a state government, not the federal government. State actors may not be sued in this Court.  *Stephenson*, 58 Fed. Cl. at 190.  To the extent that Ms. Noha's complaint could be construed to state a claim against the United States Department of Labor, her suit is misplaced; unemployment insurance is administered by state governments — such as the Maryland Department of Labor — not the federal government.  Accordingly, Ms. Noha's claims against this state agency may not be heard in this Court.  *May v. United States*, 56 F. App'x 492, 493 (Fed. Cir. 2003) ("[Plaintiff's] complaint regarding the denial of unemployment benefits is clearly outside of the jurisdiction of the Court of Federal Claims.").

---

[3] Ms. Noha referred to the system as the "Bacon" system in her complaint, but she almost certainly was referring to the "BEACON" system.  *See Maryland's Beacon Unemployment Insurance Application Webpage*, Maryland Dep't of Labor, https://beacon.labor.maryland.gov/ [https://perma.cc/PJ7X-ZR35].

Accordingly, Ms. Noha's complaint in Case No. 25-1077 is **DISMISSED**.

### C. Ms. Noha's allegations against the administrators of SNAP

In her third complaint, No. 25-1078, ECF No. 1, Ms. Noha alleges that she never received Supplemental Nutrition Assistance Program ("SNAP") benefits to which she alleges she is entitled. After allegedly completing all the necessary paperwork and receiving confirmation of entitlement, Ms. Noha alleges she never received her benefits. Just like her second complaint, however, she also makes fantastical allegations that someone (albeit unidentified) had unauthorized access to her account information, and this time allegedly changed her name on the application. *Id.* at 1. Ms. Noha once again appears to quote extensively from various federal laws, including 8 U.S.C. § 1631 (regarding the eligibility of welfare and public benefits for aliens). *Id.* at 3–5.

As explained above, this Court lacks jurisdiction over claims against state governments, and SNAP benefits — while funded by the federal government — are administered by state governments. *See* 7 U.S.C. § 2020. Indeed, our appellate Court, the United States Court of Appeals for the Federal Circuit, already has affirmed that this Court lacks jurisdiction over claims regarding SNAP benefits. *Clervrain v. United States*, 2022 WL 1183768, at *1 (Fed. Cir. Apr. 21, 2022) ("The Court of Federal Claims likewise does not have jurisdiction to review denial of the benefits mentioned in the complaint: benefits for unemployment or under [SNAP].")

Accordingly, this Court lacks jurisdiction to adjudicate the claims in Ms. Noha's third complaint, and the complaint in Case No. 25-1077 is **DISMISSED**.

### D. Ms. Noha's allegations against Metropolitan Washington Airports Authority

In Ms. Noha's fourth complaint, No. 25-1079, ECF No. 1, she alleges that she was wrongly removed from "Dallas [sic] Washington International Airport" for trespassing. *Id.* She also alleges in a cursory allegation that she "was harassed by a Ronald Regan [sic] security guard who threatened me and sold airport badges for money." *Id.* It is unclear to this Court whether Ms. Noha's allegations stem from facts that occurred at Washington Dulles International Airport ("IAD"), Ronald Reagan Washington National Airport ("DCA"), or both. In any event, Ms. Noha claims that her civil rights were violated. *Id.* at 3. Her claim in this complaint is for "a fair trial and compensation." *Id.* at 6.

This Court lacks subject-matter jurisdiction over Ms. Noha's complaint because, again, this Court may only hear claims against the federal government.  *See Stephenson*, 58 Fed. Cl. at 190.  Both IAD and DCA are administered by the Metropolitan Washington Airports Authority ("MWAA"), an entity created by compact legislation passed by Virginia and the District of Columbia.  Va. Code Ann. § 5.1-153 (2001); D.C. Code § 9-902 (1985).  Congress approved the compact legislation with the Metropolitan Washington Airports Act of 1986, rendering the MWAA "independent of the United States Government and authorized to 'operate, maintain, protect, and develop the Metropolitan Washington Airports as a unit."  *Corr v. Metropolitan Washington Airports Authority*, 702 F.3d 1334, 1335 (Fed. Cir. 2012) (quoting 49 U.S.C. § 49106(c)).  The Federal Circuit has held that, given the MWAA's history, purpose, and governing structure, the MWAA is not a federal instrumentality and thus cannot be sued under the Little Tucker Act.  *Corr*, 702 F.3d at 1337 (explaining that "though it may partly owe its existence to an act of Congress, MWAA was in large part created by, and exercises the authority of, Virginia and the District of Columbia").  With the sole exception of bid protest and procurement-related claims (which are not relevant here), the Little Tucker Act's jurisdiction is coextensive with the Tucker Act's jurisdiction for claims under $10,000.  *See Evans v. United States*, 694 F.3d 1377, 1379 n.5 (Fed. Cir. 2012) ("The 'Little Tucker Act'' authorizes the same types of suits to be brought against the Government in the Federal district courts as those authorized in the Court of Federal Claims under the 'Big' Tucker Act, so long as the damages sought do not exceed $10,000.").

Accordingly, in attempting to sue the MWAA, Ms. Noha is not suing the federal government, and this Court lacks jurisdiction over her claims pursuant to the Tucker Act.

Thus, the complaint in Case No. 25-1078 is **DISMISSED**.

### E.  Ms. Noha's allegations against her phone company

Ms. Noha's fifth complaint, No. 25-1080, ECF No. 1, is against her phone company. It appears that her phone company is or was Tracfone, a subsidiary of Verizon.  *Id.* at 3–4.  It is not entirely clear what her allegations are against Tracfone, although in part it seems like Ms. Noha has been having issues placing calls or connecting to Tracfone's customer service.  *Id.*

In any event, just like her other complaints, we lack jurisdiction over this complaint because it fails to bring a claim against any person or entity even remotely connected to the Federal Government. *See Stephenson*, 58 Fed. Cl. at 190.

Accordingly, the complaint in Case No. 25-1080 is **DISMISSED**.

### F. Ms. Noha's allegations against USCIS

In her sixth complaint, No. 25-1081, ECF No. 1, Ms. Noha alleges that she was mistreated by the United States Citizenship and Immigration Services ("USCIS"). Ms. Noha alleges that she twice extended her temporary protected status and twice applied for lawful permanent resident status. *Id.* at 4. She claims she was having trouble using the USCIS's website, and that a USCIS employee erroneously told her over the phone that USCIS is no longer conducting in-person meetings. *Id.* at 2. And finally, she claims that USCIS has discriminated against her and violated her "human rights." *Id.* at 4. She asks this Court to "make a decision that this department will find a responsible employee who will comply with all laws and acts to finalize my immigration status." *Id.*

In this complaint, Ms. Noha at least attempts to sue an agency of the federal government. Nevertheless, this Court lacks jurisdiction because Ms. Noha fails point this Court "to separate source of substantive law that creates the right to money damages." *Mitchell*, 463 U.S. at 216. Ms. Noha cites many statutes in her complaint, but none of them can possibly be construed as money-mandating. Moreover, as noted above, this Court lacks jurisdiction to enforce federal criminal statutes. *See Marcum*, 173 Fed. Cl. at 170. Thus, we lack jurisdiction to enforce 8 U.S.C. § 1324(c), which provides criminal penalties for violating immigration law, and provides that only certain officers and employees have the authority to make arrests under the statute. She further cites 29 U.S.C. § 1854 and the Federal Torts Claims Act, but neither provision provides this Court with jurisdiction for a Tucker Act claim. Similarly, 28 U.S.C. § 1350 vests jurisdiction solely in the district courts. *See* 28 U.S.C. § 1350. Finally, she mentions *Bivens* and 42 U.S.C. § 1983; but, as explained above, this Court lacks jurisdiction over such claims.

Because Ms. Noha invokes no money-mandating statute in her claims against USCIS, this Court lacks jurisdiction.

Accordingly, the complaint in Case No. 25-1081 is **DISMISSED**.

### G. Ms. Noha's allegations against the Library of Congress

In her seventh and final complaint, No. 25-1083, ECF No. 1, Ms. Noha alleges that the Library of Congress discriminated against her by removing her from the Library and banning her from returning.  No. 25-1083, ECF No. 1 at 5–6.  She asks this Court "to give [her] the right to freely visit the Library the right to freedom of access to information and the Library of Congress to pay close attention to its employees who do not, [sic] have sufficient qualifications to work in goverment [sic] institutions." *Id.* at 6.  She once more invokes 42 U.S.C. § 1983, *Bivens*, the FTCA, 29 U.S.C. § 1854, and a federal criminal statute from title 18 of the U.S. Code. Once again, none of these statutes are money-mandating.

Accordingly, the complaint in Case No. 25-1083 is **DISMISSED.**

\*       \*       \*

This Court finds that none of the claims in Ms. Noha's seven complaints are within this Court's jurisdiction, and this Court dismisses all seven complaints pursuant to RCFC 12(h)(3).  The Clerk of the Court is directed to enter **JUDGMENT** for the government.

Furthermore, given the frivolous nature of this barrage of suits, Ms. Noha is ordered to **SHOW CAUSE** why she should not be precluded from filing further *pro se* complaints in this Court without leave to do so.  Ms. Noha shall respond to this Order on or before **September 2, 2025**, specifically addressing only a single issue: why should this Court continue to permit her unfettered access to judicial machinery, given legitimate concerns of judicial economy and the fact that she took seven bites at the Tucker Act apple without a single viable claim surviving.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

9